19 F.3d 1434
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos Montes HOPSON, Defendant-Appellant.
 No. 93-5707.
 United States Court of Appeals, Sixth Circuit.
 Feb. 25, 1994.
 
 Before: JONES, NORRIS, and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal arises from defendant Carlos Montes Hopson's entry of a guilty plea to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. Sec. 841(a)(1), conditional upon his right to appeal the denial of a motion to suppress. We AFFIRM.
 
 I.
 
 2
 At the hearing on the motion to suppress, officer Timothy Green of the Memphis Police Department testified that on February 26, 1992, while on a routine patrol, he observed defendant in front of a small grocery store located at 589 Mississippi Avenue. Green had received information at roll call about illegal drug activity at this store, and had made two drug arrests at the same store some time previous. Green knew defendant through a previous encounter some two or three weeks earlier where Green had witnessed defendant eat some cocaine. Green stated that as he passed the store, he noticed from his rear view mirror that defendant was "looking back to make sure we were going on past."
 
 
 3
 Green circled back some five minutes later and called for another police car. When the backup arrived, Green told him that "Carlos Hopson was holding drugs, possibly holding drugs." When the officers passed the store for a second time, they observed defendant Hopson and his companion "start[ ] running into the store." The two officers followed them.
 
 
 4
 Green testified that he followed defendant through the store, squatting down so as not to be seen. Green stated that he saw defendant throw down a lit marijuana cigarette, and also noticed a large piece of clear plastic in defendant's hand that appeared to have several pieces of crack cocaine in it. At this point, Green grabbed defendant and handcuffed him. He then took defendant back outside and searched him. The search revealed another marijuana cigarette and some two hundred dollars.
 
 
 5
 Defendant filed a motion and supplemental motion to suppress, arguing that officer Green had no reasonable articulable suspicion, based upon his initial sighting of defendant, to approach him at the store, and that the evidence should be suppressed as the fruit of an illegal search. After conducting an evidentiary hearing, the magistrate judge recommended that the motion be denied, which the district court accepted over defendant's objections. Defendant later filed a motion for clarification, which the court also denied. Defendant was eventually sentenced, with this timely appeal following.
 
 II.
 
 6
 Defendant first challenges the district court's denial of his motion to suppress. We need not assess the reasonableness of officer Green's suspicions concerning defendant, however, because no "seizure" within the meaning of the Fourth Amendment occurred until Green had probable cause to arrest defendant. See California v. Hodari D., 499 U.S. 621 (1991) (to constitute seizure under Fourth Amendment, there must be either the application of physical force, however slight, or submission to officer's "show of authority" to restrain subject's liberty). That is to say, defendant was not "seized" until officer Green grabbed defendant's hands while inside the grocery store after observing him with narcotics, and arrested him for possession of a marijuana cigarette and crack cocaine. See United States v. Williams, 949 F.2d 220, 222 (6th Cir.1991) (officers yelling "halt" and chasing defendant was not a "seizure" until defendant was stopped and arrested, by which time officers had seen defendant attempting what appeared to be crack cocaine, which gave the officers probable cause to arrest), cert. denied, 112 S.Ct. 2308 (1992).
 
 
 7
 Defendant's only other contention on appeal is that the lower court erred in refusing to clarify the factual bases for its ruling. In his objections to the magistrate judge's report, defendant had raised six factual issues allegedly not resolved by the magistrate judge. Rule 12(e) of the Federal Rules of Criminal Procedure provides in pertinent part that "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." Concededly, the lower court did not explicitly answer the questions proffered by defendant. Nonetheless, as correctly pointed out by the district court, defendant's attempts
 
 
 8
 to create a credibility issue by pointing out that Tony Williams, an employee at the store, did not see the defendant throw a cigarette to the ground[,] ... [ ] do[ ] not controvert Officer Green's testimony that he saw such an action. Williams testified that he looked over and saw Dotson being searched by one officer and that he looked back and saw the defendant being grabbed and searched by Officer Green. Williams' testimony corroborates the fact that Officer Green picked up an unspecified cigarette off of the floor. Officer Green testified it was a marijuana cigarette.
 
 
 9
 Given this finding, and the absence of any demonstration of why the trial court's conclusion is clearly erroneous, see United States v. Cooke, 915 F.2d 250, 252 (6th Cir.1990) (party attacking judicial officer's credibility determination must do more than allege that the parties told conflicting stories; effort must be made to show why trial court's conclusion is clearly erroneous), we find a remand unnecessary.[1]
 
 
 10
 The findings by the magistrate judge and the district judge were adequate. See United States v. Strahan, 984 F.2d 155, 157 (6th Cir.1993) (rejecting defendant's argument based on Cooke that both district judge and magistrate judge failed to state adequately their reasons for adopting officer's statement of events on grounds that statement in Cooke was dicta, did not state that the failure to do so required remand, and was expressly limited to airport search cases). AFFIRMED.
 
 
 
 [1]
 Although the conflicting testimony did not address a material point in this case, we reemphasize that where credibility is material, the lower court should make adequate findings of fact to ensure meaningful review by this court